# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 861 | **DATE** | July 28, 2003 |
| **CASE TITLE** | *Shemenski, et al. v. Chapiesky, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum and Order, Defendants' motion to dismiss Barbara Shemenski's claims set forth in Counts III, IV and V [4-1] is denied.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 3 0 2003 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | /4 |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID AND BARBARA SHEMENSKI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03 C 00861 |
| | ) | |
| Lyons police officer SERGEANT MICHAEL CHAPIESKY and the VILLAGE OF LYONS, | ) ) ) ) | |
| | ) | **DOCKETED** |
| Defendants. | ) | JUL 3 0 2003 |

## MEMORANDUM AND ORDER

Plaintiffs David and Barbara Shemenski bring this action against Sergeant Michael Chapiesky, a Village of Lyons (the "Village") police officer, and the Village. David Shemenski alleges a 42 U.S.C. § 1983 unreasonable seizure claim against Chapiesky (Count I), pendent state law false arrest and intentional infliction of emotional distress ("IIED") claims against Chapiesky (Counts II and III, respectively), a *respondeat superior* claim against the Village for the claims set forth in Counts I through III (Count IV), and a statutory indemnification claim against the Village for any judgment on Counts I through III (Count V). Barbara Shemenski joined in Counts III through V. Presently before the court is Defendants' motion to dismiss Barbara Shemenski's claims set forth in Counts III through V pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendants' motion is denied.

**I.     Background[1]**

David and Barbara Shemenski are married with four children. On June 18, 2002, Mrs.

---

[1] The following facts are drawn from the allegations in the Complaint. Because the Shemenskis' factual allegations are presumptively true at this stage, the Court's summary omits language such as "plaintiff alleges."

Shemenski gave birth to their then-fifth child, Claire. On the morning of July 2, 2002, Mr. Shemenski noticed that Claire was bleeding from her nose and mouth and was having trouble breathing. The Shemenskis immediately placed a 911 call, and paramedics arrived and took the newborn to the hospital. Mrs. Shemenski drove to the hospital while Mr. Shemenski waited at home for the arrival of a babysitter to watch the other children. When the babysitter arrived, Mr. Shemenski attempted to leave for the hospital, but his car was blocked by the squad car of Village Police Sergeant Chapiesky, who had responded to the 911 call. When Mr. Shemenski asked Chapiesky to move his vehicle, Chapiesky refused, and told Mr. Shemenski that he "had to wait." Shortly thereafter, Mr. Shemenski attempted to leave for the hospital with the babysitter's car (with her permission), but was arrested and taken to the Village police station by Chapiesky. At the police station, Mr. Shemenski repeatedly requested to be freed so he could join his wife at the hospital, but Chapiesky refused. After some period of time, Chapiesky informed Mr. Shemenski that his daughter had died.

At the hospital, medical personnel had informed Mrs. Shemenski that they had been unable to save Claire. Mrs. Shemenski was then driven to the Village police station, interviewed, and finally taken to see her husband in an interrogation room. Shortly thereafter, Village police released Mr. Shemenski, and the Shemenskis returned to the hospital together.

On February 5, 2003, the Shemenskis filed a five-count Complaint in which Mr. Shemenski alleged a 42 U.S.C. § 1983 claim for unreasonable seizure against Chapiesky (Count I); pendent state law claims for false arrest and IIED against Chapiesky (Counts II and III, respectively); and *respondeat superior* and statutory indemnification claims against the Village for Counts I through III (Counts IV and V, respectively). Mrs. Shemenski is also named as a

2

Plaintiff in Counts III through V (of course, because Mrs. Shemenski is not named in Counts I and II, Counts IV and V seek recovery only for liability on Count III). On April 11, 2003, Defendants filed a Fed.R.Civ. P. 12(b)(6) motion to dismiss the claims of Mrs. Shemenski.

## II.   Standard of Review

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must assume the truth of all facts alleged in the pleadings, construe all allegations liberally, and view them in the light most favorable to the plaintiff. *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002). To survive a motion to dismiss, the complaint need only state a claim and facts that give the defendant adequate notice of the basis of the lawsuit. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.*

Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Hickey*, 287 F.3d at 657. In other words, if it is possible to hypothesize a set of facts that would entitle a plaintiff to relief consistent with the complaint's allegations, dismissal of the plaintiff's claims under Rule 12(b)(6) is not warranted. *Graehling v. Village of Lombard*, 58 F.3d 295, 297 (7th Cir. 1995).

## III.   Discussion[2]

---

[2] Whether this Court even has subject-matter jurisdiction over Mrs. Shemenski's claims is not a question with a patently obvious answer. Mrs. Shemenski cannot invoke this Court's diversity jurisdiction; nor does she raise any claim falling under this Court's federal question jurisdiction. The only federal claim raised in this suit, the 42 U.S.C. § 1983 count, is averred by her husband. Mrs. Shemenski's claims are nonetheless properly before this Court pursuant to this Court's pendent party jurisdiction. Twenty-eight U.S.C. § 1367(a) provides: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

3

Defendants, in moving to dismiss Mrs. Shemenski's IIED claim in Count III, argue that she may not bring an IIED claim for tortious conduct directed at Mr. Shemenski. Defendants seek to dismiss Mrs. Shemenski's remaining claims, Counts IV and V, because both are derivative claims dependent upon a finding of liability on Count III.

Illinois first recognized an actionable tort for IIED in *Knierim v. Izzo*, 22 Ill. 2d 73; 174 N.E.2d, 157 (1961), and has since outlined its elements. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). First, the defendant's conduct must be extreme and outrageous; second, the defendant must intend that his conduct inflict severe emotional distress, or know with a high degree of certainty that the distress would result; and third, the conduct must in fact cause severe distress. *Honaker*, 256 F.3d at 490 (*citing McGrath v. Fahey*, 126 Ill. 2d 78, 86; 533 N.E.2d 806, 809 (1988)).

In determining whether conduct may properly be characterized as "outrageous," the court employs an objective standard, based on the facts of each case. *Doe v. Calumet City*, 161 Ill. 2d 374, 392; 641 N.E.2d 498, 507 (1994). The tort does not arise from threats, insults, indignities, annoyances, or petty oppressions. *McGrath*, 126 Ill. 2d at 86; 533 N.E.2d at 809 (*citing Restatement (Second) of Torts* § 46, comment *d*, at 73 (1965)). Liability only attaches when the defendant's conduct goes "beyond all possible bounds of decency, as to be regarded as

---

under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). This section "'permits the adjudication of a claim by a pendent party that neither arises under federal law nor is supported by diversity citizenship.'" *Whitaker v. Young*, 2001 WL 138926, at *2 (N.D.Ill. Feb. 16, 2001) (*citing Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 931 (7th Cir. 1996)). "'If a claim is close enough to the federal (or other) claim that confers federal jurisdiction to be part of the same case, there is no constitutional bar to the assumption of federal jurisdiction over the claim, because Article III confers jurisdiction over cases or controversies rather than over claims. . . .'" *Whitaker*, 2001 WL 138926, at *2 (*citing Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181-82 (7th Cir. 1993)). Because Mrs. Shemenski's claims involve "the same case or controversy" giving rise to Mr. Shemenski's federal claim, the Court, in its discretion, exercises its supplemental jurisdiction, or more specifically, pendent party jurisdiction, over her claims.

intolerable in a civilized community." *Kolegas v. Heftel Broad. Co.*, 154 Ill. 2d 1, 21; 607 N.E.2d 201, 211 (1992); *Welsh v. Commonwealth Edison*, 306 Ill. App. 3d 148, 154; 713 N.E.2d 679, 683 (1999).

With limited exception, Illinois courts will not extend tort liability for IIED to third-parties. *Green v. Chicago Tribune*, 286 Ill. App. 3d 1, 13-14; 675 N.E.2d 249, 257-58 (1996). The Illinois Supreme Court has adopted, if implicitly, the Restatement's delineation of these narrow exceptions. Specifically, liability may extend beyond the natural plaintiff when the defendant intentionally or recklessly causes severe emotional distress "(a) to a member of [the direct victim's] immediate family who is present at the time, whether or not such distress results in bodily harm, or (b) to any other person who is present at the time, if such distress results in bodily harm." *Green*, 286 Ill. App. at 14, 675 N.E.2d at 258 (*citing Restatement (Second) of Torts* § 46(2), at 72 (1965)) (alteration added).

Because Defendants' conduct was targeted at Mr. Shemenski, Mrs. Shemenski's claim is analyzed under the Restatement's framework for third-party claims. Mrs. Shemenski cannot recover under § 46(2)(b) because she alleges no bodily harm. It appears (and Plaintiffs do not argue otherwise) that Mrs. Shemenski fares no better under § 46(2)(a) – although a member of Mr. Shemenski's immediate family, she was not present at the time of any of Defendants' alleged tortious conduct. Yet, the determination of whether the presence requirement proves fatal to Mrs. Shemenski's claim *may* not be as facile as what a plain reading of § 46(2)(a) would suggest. Unlike the "immediate family" prerequisite, the "presence" requirement has been given a liberal interpretation, or even waived altogether, in certain cases. *See, e.g., Bettis v. Islamic Republic of Iran*, 315 F.3d 325, 331 (D.C. Cir. 2003) (affirming district court's extension of IIED liability to

5

the immediate family of a hostage victim). Indeed, the Restatement itself, as well as an authoritative torts treatise, recognize the potential for exceptions to the "presence" requirement. *See Restatement (Second) of Torts* § 46(2), Comment *l*, at 79 (1965) ("The Caveat is intended, however, to leave open the possibility of situations in which presence at the time may not be required."); Dan B. Dobbs, *The Law of Torts* § 307, at 384 (2000) ("If the defendants' conduct is sufficiently outrageous and intended to inflict severe emotional harm upon a person which is not present, no essential reason of logic or policy prevents liability.").

Whether this case calls for a plain-reading application of the "presence" requirement or a more flexible interpretation is a premature inquiry on a motion to dismiss. Simply, because it is not impossible (even if improbable) that Plaintiffs can prove some set of facts entitling Mrs. Shemenski to recover on her IIED claim, despite her lack of presence or, it appears, any contemporaneous knowledge of her husband's detention, the Court is satisfied that plaintiffs have sufficiently stated a claim for relief.

In the interest of properly framing Mrs. Shemenski's IIED claim going forward, the Court addresses Plaintiffs' alternative argument that Mrs. Shemenski's IIED claim is *not* based on conduct directed at her husband, but rather on conduct directed at her. Perhaps anticipating that the "presence" requirement might be fatal to Mrs. Shemenski's claims, Plaintiffs argue that because Chapiesky knowingly denied Mrs. Shemenski her husband's comfort and support in a time of need, Chapiesky's conduct *was* directed at Mrs. Shemenski, in addition to her husband. Mrs. Shemenski's attempt to shed her third-party label and cloak herself as a direct victim, and thereby evade the requirements of § 46(2), goes nowhere. First, Chapiesky is not alleged to have had *any* contact with Mrs. Shemenski. In addition, Mrs. Shemenski's contact with the Village

police department was minimal and unremarkable: at the hospital, a Village police officer told her that Mr. Shemenski was at the police station, and she was later driven to the station, interviewed, and taken to see her husband. This conduct, in and of itself, does not even begin to raise a colorable IIED claim. Finally, construing all facts in Plaintiffs' favor as this Court is required to do, even if Chapiesky had knowledge that detaining Mr. Shemenski would likewise distress Mrs. Shemenski, this fact only supports a necessary element of her third-party claim. It does not transform Mrs. Shemenski into a direct victim; to hold otherwise would completely undermine the "presence" and "immediate family" requirements of § 46(2), irrespective of whether these requirements are met in this particular case. Mrs. Shemenski's IIED claim, properly characterized as a third-party claim, will prevail or falter under that framework.

Finding that Count III sufficiently states a claim, the Court turns to the two derivative claims set forth in Counts IV and V. First, Mrs. Shemenski alleges a common law *respondeat superior* claim against the Village for Chapiesky's conduct alleged in Count III. Second, Mrs. Shemenski alleges a 745 ILCS §10/9-102 claim against the Village for indemnification of any tort judgment rendered against Chapiesky. Under §10/9-102, "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable..." 745 ILCS § 10/9-102 (West 2003)). Since these claims hinge entirely on Count III, which has survived the present motion to dismiss, Defendants' motion to dismiss these Counts are likewise denied.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Barbara Shemenski's claims set forth in Counts III, IV and V [4-1] is denied.

DATE: July 28, 2003

*Blanche M. Manning*
Blanche M. Manning
United States District Court Judge